HoestbIiOWBE, C. J.
Two questions are presented by this case : 1st. Was the plaintiff below, liable to costs ? and 2dly. Does a writ of error lie in this case ? 1st. That the plaintiff, although he thought proper, in this action, to call himself administrator, was liable for costs, I think there can be no question. It has sometimes been insisted, that the plaintiff’s liability to costs, depended on the question, whether the money when recovered, would be assets or not; fas in Cockerill v. .Kynaston, 4 Ter. R. 277; Bull v. Palmer; 3 Lev. 165, and some other cases.)
But this distinction has long since been exploded, and was contrary to older authorities than those by which it was set up, as may be seen by Hid. Law of Costs, 175, and 184, and cases there cited.
The true rule is simply this; that if it is not necessary for the plaintiff to name himself executor or administrator, then he shall pay costs — but if his title to the action comes to him in his representative character, and he can sue only as such, then he shall be excused, if he fails in the action. Hul. Law of Costs, Ch. 3 Sect. 1 pages 174 and Seq. Smith v. Barrow, 2 T. R. 477; Per Ashurst Justice; Hooker v. Quilter, 1 Wils. R. 172 Per Dennison Justice; Bangs v. Bangs, Barnes Notes, 119 ; Bligh v. Cope, Id. 141; Marsh v. Yellowly, 2 Str. 1106.
It is true, executors and administrators were not expressly excepted out of the statutes of 23 H. 8, Ch. 15; and 4 Jeto. 1, C. 3, which gave costs generally, to a defendant, in case he succeeded ; *312 and it is only by an equitable construction of those statutes, that they are saved from the payment of costs in all cases. Whereas, by our statute (Rev. Laws, 1691 executors and administrators. “ Prosecuting in the right of their testator or intestate,” are expressly exempted from the payment of costs. This however has not altered the law. The exception in our statute, is no broader, than that constructively made under the British Statutes. The reason of the exception is not simply, because executors and administrators are only trustees and acting in outer droit; but because they cannot be presumed to be fully acquainted with the transactions of their testators or intestates; and to know their respective rights and duties. Consequently when an executor in good faith prosecutes an action, which he has “ in the right of his testator;” that is, an action which accrued to his testator, in his life time, and is transferred to him as executor; or, which is founded on or grows out of a contract made with the testator, or an injury done to him in his life time; and fails in such action, he shall not pay costs. But where an executor brings trover, founded, as in this case, upon his own possession; or any other action which has accrued to him upon his own transactions as executor, or for an injury done to the property of the testator since his death, he is presumed to know the facts of his case, and the justice of his claim ; and in such ease he may sue in his own name; and therefore shall pay costs if he fails —Marsh v. Yellowly, 2 Str. 1106; Hul. Law of Costs, 174 and Seq. Hollis v. Smith, 10 East, 293; Grimstead v. Shirley, 2 Taunt. 116; Tattershall v. Groote, 2 Bos. and Pul. 253; Comber v. Hardcastle, 3 Bos. and Pul. 115. This doctrine appears to me so fully settled at this day, notwithstanding the numerous and conflicting cases, to be found in the books, that I should have thought it unnecessary to refer to authorities, if the point had been settled by any reported decisions of this Court. Not finding however a single case on the subject in any of our own Reports, T have thought it best to say thus much on the subject. The result- is, that the Court of Common Pleas erred in setting aside the judgment for costs.
2dly. Does a writ of error lie in a case like this ? I do not ask whether such a writ, is the proper remedy ? for I can conceive of no other. The proceedings below, being in the course of the *313 common law, and not in the exercise of a summary jurisdiction, they cannot be reviewed here on a writ of Certiorari. This I think was settled, if any thing was, in the case of Phillips v. Phillips, 3 Halst. 122. It is true, the decision in that ease, is very shortly reported; “ the Court after taking time to deliberate, ordered the writ of Certiorari to be quashed; ” but whether upon the ground, that it was a proper case for a writ of error, or that the proceedings below had been correct, is not stated. I think it fair however to conclude, that the decision of the Court, could not have been based on the latter ground, since, the correctness of those proceedings, does not seem to have been drawn in question, on the argument. The Court then either thought it a proper case "for a writ of error, or considered the party without any remedy.
But without relying upon Phillips v. Phillips, as an authority for the plaintiff in error, I am of opinion, upon the principles adopted by a majority of this Court, in Evans v. Adams, (3 Green's R. 373) that a writ of error well lies in this case. The application to the Court of Common Pleas, in this ease, as in that, was not to the discretion óf the Court; but if the party was right, he was entitled ex debito juditke to what he applied for. If wrong, as he clearly was, then the Court, did not merely exercise a bad discretion; but they mistook the law, and have given an erroneous judgment; and a judgment that is final and conclusive upon the rights of the plaintiff in error, and from which he can have no appeal, if this writ, will not lie. The order complained of in this case, is in no sense, an interlocutory order; nor of that class of orders or proceedings in the progress of a cause, on which it is rightly held, as in Shorts v. Quigly. 1 Binn. R. 222, and other eases cited in Evans v. Adams, (3 Green 377) that error will not lie. But it is a final judgment, or award, in the nature of a judgment; definitively settling the legal rights of the parties in the matter. And is it so, that any Court in this State, short of the Court of Appeals in the last resort, may render a final judgment against a party, from which, however erroneous, he can have no appeal ? I think not. Lord Coke in his Commentaries upon Littleton (Go. Litt. 288. b.) tells us, that a writ of error “ lieth when a man is grieved, by any error, in the foundation, proceeding, judgment, or execution ; but without *314 a judgment, or an award in the nature of a judgment, no writ of eiror doth lie.” But is not, au order, setting aside in whole or in part, a previous judgment, or in any way altering or qualifying it, an award, in the nature of a judgment? It certainly appears to me,, to be so — and if it is, a writ of error lies to correct such proceeding — A. contrary doctrine would result in this; that if a Court of Common Pleas proceed without error, to the rendition of judgment and execution, and then upon motion set aside the execution, or alter the judgment, making it more, or less, the injured party can have no redress. In other words, if the Court below commit any error in the progress of the cause, this Court can correct it on a writ of error; but if they give a right judgment, they may afterward alter it at their pleasure, and however unlawful such alteration may be, this Court cannot review and correct the error. It is in vain to say that we ought not to anticipate such a proceeding; for we have precisely such a case before us now. In Mountz v. Hodgson, 4 Graneh, 324, a writ of error was brought on the refusal of the Court below, to quash and set aside an execution, which had been unduly issued — Marshall Chief Justice said, “ the refusal of the Court below, to quash the execution, is by some of the Judges, supposed not-to be a judgment, on which a writ of error will lie, others, are of opinion that a writ of error, will lie to that decision of the Court.” But the writ of error in that case, was quashed because it was to the Circuit Court, instead of the Justices of the peace of the district of Columbia. Whether a majority of the Court, were of opinion that a writ of error lay upon such a refusal of a Court to quash an execution, does not appear by the report. But whatever doubt there might have been in that case, I think there could have been none in a case like this. I am therefore of opinion, the writ of error in this case, is well brought, and the order of the Court setting aside the judgment and execution as to costs, must be reversed and set aside. The final order of the Court of Common Pleas vacating the judgment in part, and setting aside the execution, has been sent up as part of the record. — We may therefore inspect it. If - it was not here, we might on a suggestion of diminution, send a Certiorari for it. (Gilleland v. Rappelyea 3 Green’s R. 138.)
*315 Let the judgment of the Court of Common Pleas vacating the judgment for costs and setting aside the execution, be reversed and set aside, and let judgment be entered for the defendant that he recover his costs of his defence in the Court below, and that he have execution for the same.
Eord, J.
Samuel Boulton, adnsinistrator de bonis non, of James Bowne deceased, with the will annexed, declared in trover, .that after the death of his testator, he w-as possessed of certain goods and chattels, as administrator, that he lost them &c. and that they came to the hands of the defendant, by finding, who converted them to his own use &c. The jury found the defendant not guilty ; and the Court gave judgment, that the plaintiff take nothing by his writ; that the defendant recover costs against him, to twenty-eight dollars and thirty cents; and have execution for the same. An execution was accordingly issued. At the uext term, the Court, after hearing counsel, on both sides, determined, that an administrator was exempted from paying costs, by the statute; wherefore they amended their record, by entering a rule, that the judgment, so far as relates to costs be vacated, set aside and annulled, and that the execution therefor, be quashed. Upon this, the defendant below, brings a writ of error; in the return to which, under the seal of the Court, the clerk certifies the judgment, not as it is, but as it was at first; together with a copy of the rule for making it as it is. The plaintiff assigns for error, first, the vacating of the judgment, so far as relates to costs; secondly the quashing of the execution.
1. The law has been too long and too fully settled, to be disputed at this day, that if an executor or administrator charge the wrong for which the suit is brought, as being done to himself, and fail to prove his ease, that he shall pay the costs ; for he sues in that case in his own right; but i-f he charge that the wrong was done to his testator or intestate, and fail to prove it, he shall not pay costs, for he sued in right of his testator, not of himself. In the case of Bollard v. Spencer, 7 Ter. Rep. 358, an administratrix brought trover for goods lost out of her onm possession as administratrix, in which she failed; and on solemn argument, the Court awarded her to pay the costs; for a conversion after *316 the intestate’s death, could be no wrong to him, it was a wrong to the administratrix herself, in her own time, and she need not have declared as administratrix. See also 2 Taunton, 116; 1 Bingh. 249; 1 Com. Rep. 162; 9 Petersd. Abr. Ex. and Adms. So the plaintiff charges here, that he lost the goods out of his own possession,, therefore if he had a right to the goods the conversion was a wrong to himself It is no matter how he acquired his right to them, whether as administrator, assignee, bailee or trustee; nor was it at all necessary to set out how he claimed them. By the exception in our statute, Rev. Laws, 168, Sec. 2. executors or administrators are not to pay costs “ when suing in right of their testator or intestates;” but this plaintiff was not suing in right of his testator, for the conversion accrued long after his testator’s death; the injury was in respect of his own goods, and therefore it did not come within the words of the exception in the statute; and the plaintiff below being liable for costs, the judgment below is erroneous for not awarding them to the defendant below, and for this cause it must be reversed.
2. But a mere reversal will not help the defendant to his right; we must go further, and give such judgment here, as the Court below ought to have given. It has been said that where the defendant below brings error, the Court above cannot give a new judgment, it can only reverse; the reason assigned is, that he seelcs only to be eased and discharged of the judgment against him. Parker v. Harris, 1 Salk. 262; Cuming v. Sibly 4 Bur. 2488; 2 Saund. 101 w; Wyvill v. Stapleton, Stra. 617. But here the defendant below is seeking to recover something, to which he is entitled on the face of the record, and ought to have recovered below; therefore the reason of those cases, cannot possibly apply to this case. A plaintiff would not be remediless, even without a new judgment, for after a general reversal, his cause of action would remain, and he could sue de novo; but the defendant never can sue for these costs; therefore unless we give such new judgment, as the Court below should have given, he will be remediless. Where the plaintiff below brings error and obtains a reversal, we can go further and give a new judgment on the face of the record before us ; because he seeks not only for a reversal but for his right; and on the same principle we may do it where the defendant seeks not for a reversal only but *317 for a right, to which he was entitled on the face of the record in the Court below. I do not find any adjudged case on this point, but it is expressly laid down in 2 Oronvp. Pr. 367, that “ if the merits be against the plaintiff, the defendant shall have a new judgment. Taken from 14 Vin. Ab.” Judgment, 8, note: and ] Salk. 401. And it receives great countenance from what Lord Mansfield says in the above case of Cuming v. Sibly, that “ where the defendant below brings error, we only reverse such wrong parts of the judgment, of which ho complains.” Uow what he complains of in this case, is an omission in the judgment to award costs, and it becomes impossible to reverse that error in any other way, than by supplying the omission and giving such new judgment, on the face of the record, as the Court below should have given j to wit, that the plaintiff below take nothing by his writ, and further that he pay costs to the defendant below, and that the defendant have execution for the same. It will then be a judgment of this Court, and an execution thereon may issue from it.
3. The minutes of a Court containing a memorandum of its adjournments, proceedings, and rules, were never considered in law, matters of record, as far as I can learn, till the case of Evans v. Adams; but according to that case, error may be assigned in every part of the minutes, as out branches of the record. Accordingly all the errors in this case, have been assigned in the minutes and rules of the Court; and therefore let them be reversed. If these are out of the way, the plaintiff in error supposes the first judgment of the Court below, (which they utterly disclaim) can be forced upon them as their judgment between the parties, and as such be affirmed. But I differ from him totally. Their solemn and deliberate judgment is, that the administrator shall not pay costs, and so it appears by the record they have made and sent into this Court. What is a record? The law pronounces it to be absolute verity, so that it cannot be contradicted or even questioned, elsewhere. The Judges of every Court of common law, are privileged under their oaths of office, to make a record of their proceedings, and to amend it according to the truth. They have the same right to amend their record, and make it deliver their opinion truly, that we have; and we amend our record, not only at another term, but we have done it even after *318 we have certified it under our seal, to another Court; therefore we cannot deny it to them. But when the record once leaves their hands, it becomes a sacred instrument, which no other Court can alter, or even contradict upon the point of its truth and verity. Now, according to the record of the Court of Common Pleas, there is no judgment of theirs, that the administrator shall pay costs, nay, they go further and disown any judgment of the kind. This they have expressed, and in the most unequivocal terms, in their record. To impute such a judgment to them, would not only be uncourteous, but reproachful of their truth and integrity. In order to do it, we must either contradict their record, or else assume the dangerous privilege of altering the record, now that it is out of their hands.
But the record itself shews, it is said, that they first rendered judgment for costs, and afterward set it aside. I hope it is not meant by this, to deny the power of a Court of common law, when they think they have been misled, or for want of information at the moment, have fallen into error, that they must persist in a conscious error, for want of legal power to alter it according to their solemn conviction of what is required by law and justice. We do this so often in this Court, ourselves, that for our own ■sakes, as well as for the sake of justice to suiters, it will not be questioned.
After all it may be said, here is a judgment for costs, in the Court below, certified under their seal, and we may affirm it; or else why did they certify it? I answer, they have certified under their seal, that it is not their judgment, that they have disclaimed it; that they have ordered it to be “ vacated set aside and annulled,” and that it is no longer true, nor any part of their record. This is the very mode in which all records are vacated, at the common law, and they become as much vacated by it, as if they were entirely scratched out with a knife, so that not a vestige or mark of a letter remained. It is the safest mode, because it shews that the vacating was not a criminal act, but done by authority. It is the mode of vacating and annulling judgments in this Court. It is not necessary to scratch and erase, or obliterate, blacken and deform the book of judgments. But if we can take the liberty of imputing to them as their judgment, what they have by rule vacated, annulled and absolutely *319 disclaimed to be such, and this merely because they have left it still legible, they must unavoidably resort to a practice of blacking out, and lay the discreditable condition of their records, at the door of this Court. It is certain that high minded men will not bear to have a judgment which they have solemnly disclaimed, imputed to them in lieu of the judgment which they have solemnly rendered and recorded. Their judgment is, to award no costs against the administrator. If we deem it erroneous, we may reverse it, and award him to pay costs; but then it will be our judgment, not their’s. And such a judgment I think we ought to render for the defendant below.